OPINION OF THE COURT--By the
Hon. POWHATTAN ELLIS.
This case comes up on a bill of exceptions from Jefferson county, and the plaintiff by his counsel assigns for error, the following facts:
First, That a certiorari did not lie in cases where another remedy was given by statute; and
Secondly, That a writ of certiorari was not a writ of right between, citizen and citizen, without a shewing to the satisfaction of the judge.
*113 From an examination of the record I find process of summons was issued against Edmund Duggen, dated the 7th of March, 1820, returnable before the justice on the 13th of the same month, to answer James T. McGruder, in a plea of debt, &c. of forty-two dollars. And the defendant not making his appearance in obedience to the summons, judgment by default was rendered against him, which was made final. Whereupon the defendant prayed a stay of execution according to the provisions of the statute, in such case made and provided, which was granted; and the defendant and his security failing to comply with the conditon of the bond, entered into under the requisitions of the law, judgment was given, and execution issued. Whereupon the defendant filed his petition, before one of the judges, and procured a writ of certiorari, returnable before the superior court of law in and for the county of Jefferson, and the cause coming on to be heard at the March term of 1821, the counsel of Mc-Gruder moved the court to quash the writ of certiorari, because it issued erroneously, and to award a procedendo, upon the ground, that a certio-rari did not lie in cases where another remedy by appeal was given. And secondly, that this writ could not be considered by the court as a writ of right, emanating as a matter of course, upon the requisition of either party.
“A certiorari, is an original writ issuing out of chancery or the king’s bench, directed in the king’s name, to the judges or officers of an inferior court, commanding them to return the record of a cause depending before them, to the end, the party may have the more sure and speedy justice before him or such other justices as he shall assign to determine the cause.” 1 Bacon’s Abrigt. 559. The court of king’s bench has a superintending power over all the inferior-courts of criminal jurisdiction, and will in the exercise of its power, award a certiorari, and where the prosecution is at the instance of the king, they award the writ as a matter of course; because it is his prerogative to bo heard in any of his courts in the kingdom. The case is somewhat different, where the prosecution is nominally at the suit of the crown, but really carried on by a private individual.
Here, it is true, upon application the writ would issue as a matter of course, but upon good shewing, a procedendo must be awarded. 1 Bacon’s Abrigt. 559, Note C., 4 Burrows 2456,
*114 In civil cases, the judges will not grant this writ where an appeal is given, if the objection be not to the want of jurisdiction, but to the merits, for that is more properly the subject of appeal; a fortiori, they will not grant it pending an appeal. Rut if there is a right of appeal given by statute to both parties, limited to take effect in a certain time, and neither of them avail themselves of the privilege of appealing, it does not necessarily shut the door against the exercise of other rights. We are willing to recognize the doctrine, that during the existence of the right of appeal, no certiorari can issue, and not afterwards, unless upon a special shewing. Heretofore it has been the practice in our state, to let these writs run upon the simple suggestion of either party, that there is error in the record of the proceedings below. This was neither warranted by the unquestioned law in England, or the usages of their courts. In this state, we have for several years witnessed with anxious solicitude, the delays inseparable from a practice, we have adhered to, more for the sake of uniformity, than from a conviction of the correctness of the principle recognized. It would be going beyond the limits assigned to a court of appellate jurisdiction, to specify the particular grounds, upon which a shewing ought to he made, before the issuing of the writ. This, from the nature of the powers of the judges, must always rest with them, in the exercise of a sound discretion. In the second place, from a careful examination of the books, we have not been able to discover that this writ can be demanded as a matter of right, unaccompanied by such circum - stances, as would convince the judge, injustice had been done. But “whenever the rights of an individual are infringed, by the acts of persons clothed with authority to act, and who exercise that authority illegally, and to the injury of an individual, the person injured may have redress by certiorari,” unless he can resort to his writ of error. 16 Johns. Rep., 49. This view of the case has been taken in reference to the law as it stood previous to the passage of the late act of assembly, entitled “an act to reduce into one the several acts and parts of acts, concerning the establishment, jurisdiction and powers of the superior courts of law,” the 153d section of which provides, “No proceedings before a justice of the peace for the recovery of any debt or demand, within the jurisdiction of such justice of the peace, shall be removed into any cir *115 cull court, by appeal, writ of error, certiorari, or in any other manner whatever.”
Without taking into consideration the law of 1822, we are of opinion, the judge below erred in deciding, that a writ of certiorari is a writ of right, and to be granted upon application, without circumstances to shew injustice had been done.
Judgment of the court below reversed.
Judges Hampton and Winston concurred.